UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Kenneth S. Bolden, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Brent Rushing, James Matthews )<br>Culberton, and City of Simpsonville )<br>Police Department, )<br>)<br>Defendants. )<br>_____ ) | C/A No. 6:07-cv-2985-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter is before the Court on Defendants' Motion for Summary Judgment filed on April 9, 2009. The Court held a hearing on the motion on April 28, 2009. For the reasons stated herein, the Court GRANTS the defendants' motion.

On or about September 6, 2005, the plaintiff was a passenger in a vehicle stopped by Defendants Officer Brent Rushing and Officer James Matthew Culberton. During the stop, the Plaintiff, after the officers asked his name, the provided the officers with his brother's name, Jeffrey Bolden. A check of his brother's name indicated that there was an outstanding warrant in his name. The officers told the plaintiff he was under arrest. While the plaintiff was attempting to explain his real name, he began to resist arrest. When the officers told the plaintiff to submit to the arrest, he resisted. The plaintiff did not fight back, however, he would not allow the officers to handcuff him. In order to get the plaintiff to submit to the arrest, the

officers had to use a Taser. During the altercation, the plaintiff broke his ankle. The plaintiff was charged and plead guilty to resisting arrest. He was sentenced to one year suspended to 90 days home detention. The plaintiff has sued the officers under § 1983 for violations of his constitutional rights and the City of Simpsonville for negligent hiring.

"Summary judgment is appropriate if 'there is no genuine issue as to any material fact . . . and the moving party is entitled to a judgment as a matter of law." *Bailey v. Blue Cross & Blue Shield*, 67 F.3d 53, 56 (4th Cir. 1995), *cert. denied,* 516 U.S. 1159 (1996) (citing Fed. R. Civ. Proc. 56 and *Miller v. Federal Deposit Ins. Co.*, 906 F.2d 972, 974 (4th Cir. 1990)). "[A] material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand a summary judgment motion. *Id.* at 252.

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Summary judgement is proper when viewed in light most favorable to the non-moving party "the pleadings, depositions, answers to interrogatories and admissions on file, together with

the affidavits. . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 58(c).

Excessive force claims during an arrest seizure of investigatory stop are governed by the reasonableness clause of the Fourth Amendment. *Riley v. Dorton*, 115 F.3d 1159, 1161 (4th Cir. 1997)(citing *Graham v. Connor*, 490 U.S., 386, 388 (1989); *Wilson v. Flynn*, 429 F.3d 465, 467 (4th Cir. 2007). Claims of excessive force are analyzed under the "objective reasonableness" standard. This standard requires the "balanc(ing) of the nature and quality of the intrusion on the individual's Fourth Amendment Interests. . . " *Tennessee v. Garner*, 471 U.S. 1, 8 (1985). Under this standard, the Court must consider the circumstances of the particular case, including the severity of the crime committed, whether the subject posed an immediate threat to the officers or others and whether the subject was actively resisting arrest or attempting to evade arrest. *Graham*, 490 U.S. at 396. The circumstances at the time of the alleged excessive force determine what is objectively reasonable. *Id.* Implicit in this concept is the Court recognition that police officers are often forced to make split second judgments in circumstances that are tense, uncertain and rapidly changing. *Id.* "The right to make an arrest carries with it the right to use the amount of force that a reasonable officer would think necessary to take the person being arrested into custody." *Martin v. Gentile*, 849 F.3d 863, 868 (4th Cir. 1988).

The facts on the record are clear. The Plaintiff provided a false name to the officers. He provided a false name because he was afraid that if he gave the police

his real name, an outstanding warrant may turn up against him. The name he provided was his brother's, and unknown to the plaintiff an outstanding warrant was out on his brother. Upon discovery of the warrant, the officers informed the plaintiff that he was under arrest. He failed to comply with the officers' commands and attempts to place him in handcuffs.

The plaintiff plead guilty to a charge of resisting arrest in state court.[1] The officers warned the plaintiff that if he did not comply, they would use the Taser. In order to get him to comply, the officers used a Taser. The use of the Taser caused the plaintiff to fall and break his ankle. The plea of guilty to the resisting arrest charge constitutes an admission of the resistance. Therefore, the officers were entitled to use reasonable force to subdue the plaintiff. The use of the Taser was objectively reasonable under the circumstances. After reviewing all the facts as provided by the plaintiff, the Court finds no unreasonable action on the part of the defendants.

The arrest was proper under the circumstances, the plaintiff resisted arrest, and the force used was reasonable. Finding that the use of force was objectively

---

[1]According to *United States v. Parson*, 57 Fed.Appx. 134, 135 (4th Cir. 2002)(citing *United States v. Broce*, 488 U.S. 563, 569 (1989), after a plea of guilty, a defendant no longer has the right to contest the factual merits of the charges. By pleading guilty, the plaintiff in this action admitted that he resisted arrest. He now cannot contest this admission.

The Court notes that though the plaintiff was not violent in his actions against the officers, he would not allow the officers to restrain him. This does not make the amount of force unreasonable.

reasonable under the circumstances, the Court enters summary judgement in favor of the defendants.

    IT IS SO ORDERED.

*/s/ G. Ross Anderson, Jr.*

G. Ross Anderson, Jr.
Senior United States District Judge

April  28 , 2009
Anderson, South Carolina